```
                IN THE UNITED STATES DISTRICT COURT

                     FOR THE DISTRICT OF KANSAS


UNITED STATES OF AMERICA,     )
                              )
               Plaintiff,     )    CRIMINAL ACTION
                              )
v.                            )    No.  05-10233-01
                              )
NEIL ELLIOTT,                 )
                              )
               Defendant.     )
                              )
```

### MEMORANDUM AND ORDER

Before the court are the following:

1. Defendant's motion for bill of particulars and to strike surplusage (Doc. 10);

2. Defendant's motion to dismiss count two as duplicitous (Doc. 11);

3. Government's response to defendant's motion for bill of particulars and to strike surplusage (Docs. 12 and 13); and

4. Government's response to defendant's motion to dismiss count two as duplicitous (Docs. 14 and 15).

Defendant is charged with conspiracy and substantive counts relating to theft and embezzlement of federal work study funds from a junior college at which he was the athletic director. 18 U.S.C. §§ 371, 666, 1097(a) and 2. The substance of the charges is that defendant, along with members of his staff, knowingly paid federal funds to student athletes for work they did not perform.

<u>Bill of Particulars</u>

Defendant contends that he requires a bill of particulars which identifies the names of the coaches he allegedly instructed to complete time sheets containing the false information; the

identities of the persons with whom he conspired and the beginning date of the alleged conspiracy; the one-year time periods regarding statutory threshold amounts alleged in count 2 of the indictment; time sheets alleged to be false and names of the student athletes who were not entitled to receive work study funds as alleged in count 3.  Defendant contends that he needs this information to adequately prepare for trial and to enable him to allege double jeopardy in the event additional charges are ever filed against him.

It is quite apparent that what defendant is seeking is an order that the government open its file to him and <u>then</u> provide a detailed description and breakdown of the evidence it intends to introduce from the file.  This is not the purpose of a bill of particulars.  Defendant's motion is denied for the reasons and authorities set forth in the government's response.

Motion to Strike Surplusage

Defendant's motion states:

> As to the motion to strike surplusage, Mr. Elliott is asking the Court to remove all references to Aleksandar Radojevic in paragraphs 10 and 11 of the introduction, and to strike paragraph 11 of the introduction beginning with the sentence "More simply stated." It is Mr. Elliott's position that the references to Radojevic in paragraphs 10 and 11 of the introduction involve an attempt to have evidence which should be offered, if at all, under the authority and limitations of Federal Rule of Evidence (FRE) 404(b), instead placed in the Indictment with the imprimatur of the grand jury. Further, that the references in paragraph 11 to terms such as "obligated to deal…in an honest and straightforward manner;" or "expected to eliminate any fraudulent practices" are unfairly prejudicial in that they may confuse the jury as to what is perhaps an employment or job responsibility, versus what would establish criminal responsibility.

(Doc. 10 at 2).

Defendant contends that the allegation regarding Alekarsander Radojevic should be stricken because it concerns a "time period outside the time alleged in substantive counts 2 and 3 of the indictment, and apparently also outside the conspiracy alleged in count 1. As such, it is 404(b) evidence . . . ." Defendant's statement is inconsistent with his request for a bill of particulars. Apparently, defendant has enough information to assert that the falsification of time sheets regarding Alekarsander Radojevic occurred outside the time periods alleged in the indictment. There is nothing in the record which would permit the court to determine whether defendant's assertion is accurate. But in any event, he does not explain how the allegations are not relevant to the charge and are inflammatory and prejudicial, which is the standard required for striking surplusage in accordance with Fed. R. Crim. P. 7(d). <u>United States v. Gressett</u>, 773 F. Supp. 270, 274 (D. Kan. 1991).

Defendant also objects to the language of the indictment that he was ". . . obligated to deal with [Barton County Community College and the Department of Education] in an honest and straightforward manner" and was "expected to eliminate any fraudulent practices." He claims this language is confusing and unfairly prejudicial because they confuse what ". . . might be employment duties and responsibilities of criminal liability." The jury will be instructed that the indictment is not evidence. The thrust of both counts 2 and 3 of the indictment is that defendant

-3-

aided and abetted in the misapplication of federal funds payable to student athletes by means of fraud and false statements. The jury will be instructed regarding the elements of those counts. As before, defendant has not demonstrated that the objected-to phrases constitute surplusage within the meaning of Rule 7(d).

### Motion to Dismiss Count 2 as Duplicitous

Duplicity is the joinder of two or more distinct and separate criminal offenses in the same count of an indictment. The dangers of duplicity are three-fold: (1) a jury may convict a defendant without unanimously agreeing on the same offense, (2) a defendant may be prejudiced in a subsequent double jeopardy defense, and (3) a court may have difficulty determining the admissibility of evidence. United States v. Wiles, 102 F.3d 1043, 1061 (10th Cir. 1996) (internal citations omitted), cert. denied, 522 U.S. 947 (1997).

Count 2 charges:

> Beginning on or about December 14, 2000, and continuing through June 30, 2004, in the District of Kansas, and elsewhere,
>
> NEIL ELLIOTT,
>
> the defendant herein, while an agent and employee of Barton County Community College, a local organization that received federal benefits in excess of $10,000.00, in any one year period (1999 through June 30, 2005) from a federal program, did intentionally misapply and knowingly embezzle, obtain by fraud and without authority convert to the use of any person other than the rightful owner, property that was valued at $5,000.00 and more, and was owned by and under the care, custody and control of Barton County Community College, in that, the defendant caused and aided and abetted the payment of student employment funds to students that were not entitled to receive the funds.

Defendant asserts that count 2 is potentially duplicitous

-4-

because the jury conceivably could convict him without determining that the $5,000 threshold amount for misappropriation occurred within a one year period. Defendant offers to waive his objection that count 2 is duplicitous if the court agrees to submit a special verdict form requiring a finding that he aided and abetted in the misapplication of at least $5,000 during a one year period.

The government responds that the one year period is not a time period limiting duration or the commission of the embezzlement or fraud. Rather, it is a jurisdictional requirement that the agency or organization receive in excess of $10,000 in federal funds within a twelve month period before and/or after the commission of the offense. 18 U.S.C. § 666(b) and (d)(5).

<u>United States v. Valentine</u>, 63 F.3d 459, 463-64 (6th Cir. 1995)[1] sets forth the following essential elements for conviction under 18 U.S.C. § 666:

First, defendant must be an agent within the meaning of § 666(a)(1);

Second, the evidence must show that defendant embezzled, stole, fraudulently obtained or willing converted property worth at least $5,000 which was under the control, care or supervision of the state agency, § 666(a)(1)(A)(i), (ii); and

Third, the defendant's conduct occurred during a time in which the government agency received in excess of $10,000 in any one year from a qualifying federal assistance program, § 666(b).

The court gave the following explanation regarding the

---

[1] The court has been unable to find a Tenth Circuit case which sets forth the elements of § 666.

-5-

relationship between the second and third elements:

> We note that the statute is violated by a $5,000 theft only "if the circumstance described in subsection (b) ... *exists*." 18 U.S.C. § 666(a) (emphasis added). Subsection (a) specifically incorporates the elements of subsection (b). Therefore, if subsection (b) contains a time restraint, it is applicable to subsection (a).
>
> Subsection (b) defines the federal funding requirement, limiting subsection (a) to an agency that receives benefits greater than $10,000 in any one year. The term "any one year" is defined in subsection (d)(5), as follows:
>
>> a continuous period that commences no earlier than twelve months before the commission of the offense or that ends no later than twelve months after the commission of the offense. Such period may include time both before and after the commission of the offense.
>
> The interrelationship between subsections (a) and (b) of the statute mandate that a one-year limitation likewise attaches to the $5,000 threshold requirement.
>
> Our reading of the statute is bolstered by another rule of construction: that "Congress' use of a verb tense is significant in construing statutes." <u>United States v. Wilson</u>, 503 U.S. 329, 333, 112 S.Ct. 1351, 1354, 117 L.Ed.2d 593 (1992). Because Congress used verbs in the present tense in this statute, it indicated that the "commission" of the theft must be completed within a one-year period of time. Specifically, the text of subsection (b) requires that the agency receive $10,000 in any one-year period. Thus a financial limitation and a temporal limitation are incorporated in this provision. The language relevant to the one-year period indicates the availability of three measurements to meet the time restriction; the one-year time measurement may start twelve months before the theft, it may end twelve months after the theft or it may include time both before and after the commission of the offense. Because the one-year period includes time both before and after the theft, a natural reading of the statute incorporates a finding that the offense must fall within the twelve-month window. In sum, proof must be of any one-year period that includes the date(s) of the crime.

63 F.3d at 463.

At this juncture, it is inappropriate to consider dismissal of

-6-

count 2. It is possible that the government's evidence will raise a duplicity concern. It is also possible that it will not. Depending on the evidence and the court's instructions regarding the elements, it may, or may not, be appropriate to submit a special verdict form to the jury.

Accordingly, defendant's motion to dismiss count 2 as duplicitous is taken under advisement.

IT IS SO ORDERED.

Dated this __24th__ day of February 2006, at Wichita, Kansas.

>
> s/ Monti Belot
> Monti L. Belot
> UNITED STATES DISTRICT JUDGE